IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK MCKAY, | No. 4:21-CV-1053 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT HARRY and JOHN E. WETZEL, | |
| Defendants. | |

**MEMORANDUM OPINION**

**OCTOBER 5, 2021**

Plaintiff Mark McKay is currently incarcerated at State Correctional Institution (SCI), Camp Hill. He filed the instant Section 1983[1] action in June 2021, claiming Eighth and Fourteenth Amendment violations and naming as defendants the Superintendent of SCI Camp Hill and Pennsylvania's Secretary of Corrections. His first complaint was dismissed, following screening under 28 U.S.C. § 1915A, for failure to state a claim.[2]

Presently pending is McKay's amended complaint.[3] Because McKay's amended pleading plainly fails to correct the deficiencies identified in his initial

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2] *See* Docs. 7, 8.
[3] Doc. 10.

complaint, and because further leave to amend would be futile, the Court will dismiss McKay's amended complaint with prejudice.

## I. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[4] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[5] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[6]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[7] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[8] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint,

---

[4] *See* 28 U.S.C. § 1915A(a).
[5] *Id.* § 1915A(b)(1).
[6] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't,* 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[7] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[8] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[9]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[10] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[11] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[12] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[13] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

Because McKay proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[15]

---

[9] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[10] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[11] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[12] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[13] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[14] *Iqbal*, 556 U.S. at 681.
[15] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.   DISCUSSION

McKay's amended complaint, like his original, alleges Eighth and Fourteenth Amendment violations by state actors: SCI Camp Hill Superintendent Laurel Harry and Pennsylvania Secretary of Corrections John E. Wetzel.[16]  McKay asserts that he has "body dysphoria," low testosterone, unhappiness with his "physical appearance," and depression.[17]  He alleges that he "wants to live a healthier lifestyle not only feeling good but looking good and feeling comfortable in/with his own body," and believes that "hormone/testosterone treatment would not only help him physically but mentally."[18]  At no time does McKay claim that he has been diagnosed or prescribed treatment by a medical professional for his alleged maladies.  According to McKay, his "claims arise from being ignored/denied medical treatment/evaluation due to the policy in place," which resulted in the alleged constitutional violations.[19]  Liberally construed, McKay appears to be raising an Eighth Amendment claim of deliberate indifference to serious medical needs, as well as a Fourteenth Amendment equal protection claim.[20]  The Court will consider each claim in turn.

---

[16]   Doc. 10 at 1-3.  McKay does not use paragraph numbers in his amended complaint, so the Court will cite to page numbers only.
[17]   *Id.* at 4.
[18]   *Id.*
[19]   *Id.* at 3.
[20]   McKay also states that he is bringing state-law claims of intentional and negligent infliction of emotional distress.  Doc. 1 at 1.  However, he alleges no facts to plausibly state such claims.  He does not even provide "[t]hreadbare recitals" of the elements of such causes of action.  *See*

4

## A.     Deliberate Indifference to Serious Medical Needs

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment on prisoners.[21]  In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[22]  To establish an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must demonstrate "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[23]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[24]  Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in suffering or risk of injury.[25]

Even assuming that McKay's amended complaint properly sets forth a serious medical need, it is utterly devoid of facts establishing that prison officials

---

    *Iqbal*, 556 U.S. at 678.  Consequently, the Court will summarily dismiss these state tort claims along with his federal claims.
[21]  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[22]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[23]  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[24]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[25]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

at SCI Camp Hill were deliberately indifferent to that need. McKay does not describe any action or omission by a named defendant (or any other prison employee, for that matter) that exhibits deliberate indifference to his medical needs. This is unsurprising, as McKay has named high-level officials from Pennsylvania's Department of Corrections who take no part in the day-to-day medical care or decision making at correctional institutions.[26]

Although McKay vaguely references a "policy in place" that purportedly led to infringement of his constitutional rights, he does not identify or explain what that policy is. Upon review of his initial complaint—which is no longer the operative pleading and has not been incorporated by reference into the amended complaint—it appears that McKay takes issue with not being able to receive testosterone treatment so that he can "live a healthy lifestyle" when other inmates with gender dysphoria are permitted to receive hormone therapy.[27] These allegations are a far cry from the type of plausible pleading that would implicate supervisory liability.[28] Consequently, McKay has failed to state an Eighth Amendment deliberate indifference claim against the named defendants.

---

[26] As already explained by Magistrate Judge Martin C. Carlson, *respondeat superior* liability is inapplicable in the Section 1983 context. See Doc. 7 at 10-11; *Iqbal*, 556. U.S. at 676.

[27] Doc. 1 at 4.

[28] Supervisory liability for Section 1983 claims will attach in only one of two ways: first, when a supervisor "established and maintained a policy, practice, or custom which directly caused the constitutional harm"; and second, when the supervisor either participated in or directed the alleged violation, or "had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (citation omitted).

### B. Equal Protection

McKay's equal protection claim is likewise fundamentally unsound. Despite Magistrate Judge Carlson's thorough discussion of the applicable law and the shortcomings of McKay's initial Fourteenth Amendment allegations,[29] the amended complaint contains even fewer alleged facts concerning an equal protection claim. In fact, the entirety of McKay's allegations related to the Fourteenth Amendment span just half a sentence, stating that there was a "failure to equally treat under the 14 Amendment Equal Protections Act [sic]."[30]

The Court need not, and indeed will not, repeat Magistrate Judge Carlson's prior analysis because McKay's careless pleading does even provide the threadbare recital of the claim's elements that *Iqbal* classified as inherently insufficient.[31] McKay's Fourteenth Amendment claim, therefore, will be dismissed for failure to state a claim upon which relief may be granted.

### III. LEAVE TO AMEND

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile."[32] Here, it is clear that further leave to amend would be futile because McKay has not remedied, and cannot remedy, the

---

[29] *See* Doc. 7 at 15-16.
[30] Doc. 10 at 1.
[31] *See Iqbal*, 556 U.S. at 678.
[32] *Grayson*, 293 F.3d at 114.

deficiencies in his pleadings. The substance of McKay's claims and the parties at which he points the finger, even when viewed in a light most favorable to him, simply do not demonstrate plausible entitlement to relief.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice McKay's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge